IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KENTES WEST,** **#K82893,**               **Plaintiff,** v. **ANTHONY WILLS,** *et al.*,               **Defendants.** | Case No. 22-cv-00242-SPM |

## <u>MEMORANDUM AND ORDER</u>

**MCGLYNN, District Judge:**

      This matter is before the Court on an emergency motion for reconsideration of TRO filed by Plaintiff Kentes West. (Doc. 29). West filed a Complaint pursuant to Section 1983 claiming that he is being denied adequate medical care for his shoulder injury and corresponding pain and being denied mental health treatment by staff at Menard Correctional Center. Along with the Complaint, West filed a motion for a temporary restraining order ("TRO") and preliminary injunction. The Court denied the request for a TRO and deferred ruling on the request for a preliminary injunction until Defendants had time to respond. (Doc. 14).

      Under Rule 54(b), the Court may revise any order adjudicating fewer than all the claims at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. Motions to reconsider an order under Rule 54(b) are judged largely by the same standards as motions to alter or amend a judgment under Rule 59(e), "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (citation omitted). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., In*c., 90

F.3d 1264, 1270 (7th Cir. 1996). *See also Ahmed v. Ashcrof*t, 388 F. 3d 247, 249 (7th Cir. 2004).

West has not demonstrated that the Court made an error of law or fact warranting reconsideration of the Order denying his request for a TRO. West is seeking reconsideration due to new events that have occurred since commencing this lawsuit. He claims that after filing the Complaint, he began experiencing harassment by staff, including Defendant Bent, in the form of denial of meal trays, the water being turned off in his cell, weekly shakedowns, and the mishandling of his mail. He also claims that it has been falsely disclosed that he was in protective custody in 2019, putting his safety at risk from other inmates. These new factual allegations of harassment, however, are not related to the underlying claims in this case, which are limited to the denial of medical care. West cannot seek injunctive relief that is outside the scope of his Complaint. *See Daniels v. Dumsdorff*, No. 19-cv-00394, 2019 WL 3322344 at *1 (S.D. Ill. July 24, 2019) (citations omitted); *Bird v. Barr,* 19-cv-1581 (KBJ), 2020 WL 4219784, at *2 (D.C. Cir. July 23, 2020) (noting that a court "only possesses the power to afford preliminary injunctive relief that is related to the claims at issue in the litigation"). Furthermore, motions to reconsider and motions for emergency injunctive relief are not appropriate avenues for amending the Complaint to add new allegations and parties. As the Court did not commit legal or factual error in denying the request for TRO, the motion to reconsider is **DENIED.**

**IT IS SO ORDERED.**

**DATED:   June 7, 2022**

　　　　　　　　　　　　　　　　　　　　　　　　  *s/Stephen P. McGlynn*
　　　　　　　　　　　　　　　　　　　　　　　　**STEPHEN P. MCGLYNN**
　　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**