IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KENTES WEST,** <br> **#K82893,** <br><br>     **Plaintiff,** <br><br> v. <br><br> **ANTHONY WILLS,** <br> **KEVIN REICHERT,** <br> **WEXFORD HEALTH SERVICES, INC.,** <br> **REVA ENGELAGE,** <br> **ALISA DEARMOND,** <br> **VIRGINIA MABREY,** <br> **RHIANA DRAPER,** <br> **KARA BORDEAUX,** <br> **SHERI BUETTNER,** <br> **DUSTIN CHITTY,** <br> **RACHEL MCKINSTRY, and** <br> **QUINNTON BENT,**[1] <br><br>     **Defendants.** | Case No. 22-cv-00242-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

  This matter is before the Court on a motion for emergency injunctive relief (Doc. 7), a motion for entry of default (Doc. 53), and a motion for status and to enforce answer (Doc. 54) filed by Plaintiff Kentes West. Also, before the Court is a motion for leave to file answer out of time (Doc. 52) filed by Defendants Mabrey and Buettner.

### MOTION FOR PRELIMINARY INJUNCTION

  Plaintiff West, an inmate of the Illinois Department of Corrections ("IDOC"), commenced

---

[1] The Clerk of Court is **DIRECTED** to update Defendants' names on the docket sheet as they have been identified in their Answers: Anthony Wills ("Anthony D. Wills"), Kevin Reichert ("Reickart"), Wexford Health Sources, Inc. ("Wexford Health Services, Inc."), Reva Engelage ("Reba Engelage"), Alisa Dearmond ("A. Dearmond"), Virginia Mabrey ("Marberry"), Rhiana Draper ("R Draper"), Kara Bordeaux ("Bordo"), Sheri Buettner ("Bentner"), Dustin Chitty ("Chitty"), Rachel McKinstry ("Rachel"), and Quinnton Bent ("Bent").

this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. West claims that he was assaulted by prison guards at Stateville Correctional Center ("Stateville") on October 14, 2021, resulting in injuries to his left shoulder. He was denied medical treatment at Stateville and immediately transferred to Menard Correctional Center ("Menard"), where he continues to be denied adequate medical care for his shoulder injury. Along with his Complaint, West filed a motion for a preliminary injunction on February 10, 2022. (Doc. 7). Defendant Wexford Health Sources, Inc. filed a response on April 11, 2022 (Doc. 30, ), and after an extension was granted, West filed a reply brief on May 9, 2022. (Doc. 37). Defendants Bordeaux, Dearmond, and Draper filed a response on May 12, 2022. (Doc. 45).

In the motion, West asserts that his continued requests to be seen by a medical professional for his shoulder injury are ignored. (Doc. 7). The pain medicine that he has been prescribed, Diclofenac, has been ineffective, and despite physical therapy, he still suffers from extreme pain and limited mobility. West claims his ability to do daily tasks is severely hindered. He is unable to sleep, exercise, and properly wash himself. In the original motion for preliminary injunction, West asks the Court to enter a preliminary injunction directing Defendants to provide him adequate pain medication and facilitate corrective or reconstructive surgery for his shoulder. In later filings, he seeks an MRI. (Doc. 25, 31, 37).

"The purpose of preliminary injunctive relief is to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Platinum Home Mortg. Corp. v. Platinum Fin. Group, Inc.,* 149 F.3d 722, 726 (7th Cir. 1998). In order to obtain preliminary injunctive relief, Knox must demonstrate that: (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) he will suffer irreparable harm without the injunction. *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries

the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

The Court finds that West is not entitled to a preliminary injunction, as he has failed to demonstrate that an "irreparable injury is *likely* in the absence of an injunction." *Mays v. Dart,* 974 F.3d 810, 822 (7th Cir. 2020) (internal quotations and citations omitted). It is clear that West is unhappy with the medical treatment he has been receiving at Menard, but according to the medical records and West's own filings, he continues to receive care.

On December 6, 2021, West was seen by Nurse Practitioner Dearmond for his injury. (Doc. 7, p. 2-3; Doc. 45-1, p. 22). He was given prescribed pain medication and x-rays were ordered. The x-rays were taken on December 29, 2021. (Doc. 1, p. 16; Doc. 45-1, p. 40). On January 6, 2022, he was seen at nurse sick call and again complained of continuing pain. (Doc. 7, p. 3). West then had an appointment with Jill Crane, who is either a physician assistant or nurse practitioner, on January 20, 2022. (Doc. 25, p. 2; Doc. 45-1, p. 24-25). She noted in the record that they were still awaiting the x-ray results, and if the results were not available in a week, then West would be referred to an outside facility for x-rays. (*Id.*). She prescribed Prilosec because West had complained that the pain medication was bothering his stomach and continued the current dose of his pain medication, Diclofenac. West states that the Diclofenac did not "fully take away the pain," but that Crane told him he could not be given stronger medication "until it was clear exactly what's wrong." (Doc. 25, p. 2).

It is not clear when the December 29 x-ray results were made available to medical staff (*see* Doc. 45-1, p. 42), but the x-ray results show "no acute fracture or dislocation. No significant degenerative changes are noted." (Doc. 1, p. 16; Doc. 45-1, p. 40). Under the "Impressions" section on the x-report, the doctor recorded, "No acute osseous abnormality of the left shoulder." (Doc. 45-1, p. 40). West had an appointment with a nurse on February 7, 2022, for back pain. It is noted in the medical record that West reported the Robaxin and Diclofenac medications were not

effective. (Doc. 45-1, p. 27).

On March 24, 2022, West was evaluated and approved for physical therapy. (Doc. 45-1, p. 41). West states he was told by the physical therapist that the x-ray from December "showed nothing." (Doc. 29, p. 8). In the medical records, it is recorded that the goals of his therapy noted in the medical record are to "decrease pain" and to assist West to "return to prior level of function." (Doc. 45-1, p. 41). West states that at this appointment, he was given two different exercises to perform. (Doc. 29, p. 8). The physical therapist told West that he would be given two more movements "to try next time." (*Id.*). The medical record indicates that West was to receive physical therapy for four weeks. The next day, on March 25, 2022, Jill Crane made a note for West to be scheduled for an appointment during the next nurse practitioner clinic. (*Id.* at p. 42).

A review of the record demonstrates that West continues to receive medical treatment for his injury, albeit not at the pace he would like. West argues that "it serves no interest to continue to delay the MRI and necessary pain medication that was explained to [him] that should be provided to him if the x-ray showed nothing and therapy didn't fix the injury." (Doc. 37, p. 13). But a preliminary injunction is a drastic remedy, and the "Eighth Amendment does not give prisoners the right to demand specific medical treatment." *Christopher v. Liu*, 861 F. App'x 675, 679-80 (7th Cir. 2021) (citing *Arnett v. Webster*, 658 F. 3d 742, 754 (7th Cir. 2011)). Neither are inmates entitled to "the best care possible." *Forbes v. Edgar,* 112 F.3d 262, 267 (7th Cir. 1997). There is no indication that West will suffer irreparable harm absent the Court ordering an MRI, surgery, or a modification of prescriptions. Accordingly, the request for a preliminary injunction is **DENIED.**

### MOTION FOR LEAVE TO FILE ANSWERS OUT OF TIME

Defendants Virginia Mabrey and Sheri Buettner were successfully served the Complaint, and their responsive pleadings were due June 21, 2022. (Doc. 34). They failed to file an answer by

the deadline. The Court entered an order notifying West of their impending dismissal, unless he filed a motion seeking a clerk's entry of default under Federal Rule of Civil Procedure 55(a). On July 8, 2022, Mabrey and Buettner filed the current motion ask for leave to file their answers out of time. (Doc. 52). West filed a motion for a clerk's entry of default on July 15, 2022. (Doc. 53).

The motion for leave to file answers out of time is **GRANTED.** (Doc. 52). According to Defense Counsel, Defendants Mabrey and Buettner promptly executed their waivers of service of summons. Their waivers were mistakenly not sent to their employer for assignment of counsel, as they were told. Once Defense Counsel received the Court's notice of impending dismissal, he promptly looked into the oversight and sought authorization to enter his appearance on their behalf. Allowing Defendants Mabrey and Buettner to litigate the case on the merits is consistent with the Seventh Circuit's policy disfavoring default judgments, and it will not prejudice West given that this case is still in the early stages. *See, e.g., Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 631 (7th Cir. 2009) (Our cases articulate a policy of favoring trial on the merits over default judgment.). Consequently, West's motion for entry of default judgment (Doc. 53) is **DENIED**. Defendants Mabrey and Buettner shall filed their answers to the Complaint **INSTANTER.**

### MOTION FOR STATUS AND TO ENFORCE

West has filed a motion asking whether he is required to file a response to Defendants' answers to his Complaint. (Doc. 54). He also informs the Court that he has not received the answers filed by Defendants Buettner, Mabrey, Dearmond, Draper, and Bordeaux and asks the Court to direct Defendants to send him a copy of their answers.

The motion is **GRANTED in part and DENIED in part.** Defendants have notified the Court that they resent the answers to ensure West received the filings. (Doc. 56). West has filed responses to the answers, and so it appears he has now received Defendants' answers. (Doc. 57-61). Accordingly, there is no need for the Court to direct Defendants to do so.

As to West's question regarding a response to Defendants' answers, Federal Rule 7(a) does not permit a response to an answer absent a Court order. No such order has been entered in this case.

## DISPOSITION

**IT IS THEREFORE ORDERED**, the motion for emergency injunctive relief (Doc. 7) filed by Plaintiff Kentes West is **DENIED.** The motion for leave to file answer out of time (Doc. 52) filed by Defendants Buettner and Mabrey is **GRANTED**. Defendants Buettner and Mabrey shall file their answers **INSTANTER.** The motion for entry of default (Doc. 53) filed by Plaintiff Kentes West is **DENIED**. The motion for status and to enforce answer (Doc. 54) filed by Plaintiff Kentes West is **GRANTED in part** and **DENIED in part.**

IT IS SO ORDERED.

DATED: September 1, 2022

                                                       *s/Stephen P. McGlynn*
                                                       **STEPHEN P. MCGLYNN**
                                                       **United States District Judge**