IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KENTES WEST,

          Plaintiff,

v.

ANTHONY WILLS, *et al.*,

          Defendants.

Case No. 22-CV-00242-SPM

# ORDER

**DECISION BY THE COURT.**

    Plaintiff filed a Motion for Reconsideration (Doc. 92), requesting the Court reconsider dismissing this action, claiming that, because he broke his hand by punching a door, had limited access to the law library, and had mix-ups with law library staff, he could not write a response to the Second Motion to Compel on time (Doc. 89).

    "[T]here is no pleading called a 'motion to reconsider' in the Federal Rules of Civil Procedure." *Walker v. Abbot Labs.*, 340 F.3d 471, 475 n.2 (7th Cir. 2003). Motions for reconsideration are generally construed under either FED. R. CIV. P. 59(e) or FED. R. CIV. P. 60(b). *Id*. Rule 59(e) permits a court to amend a judgment only if the movant demonstrates a manifest error of law or fact or presents newly discovered evidence that was not previously available. *See, e.g.*, *Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007). Plaintiff has not pointed to newly discovered evidence or identified any manifest error in the Court's ruling, so Rule 59(e) is inapplicable. Rule 60(b) permits a court to relieve a party from an order or judgment

based on such grounds as mistake, surprise or excusable neglect by the movant; fraud or misconduct by the opposing party; a judgment that is void or has been discharged; or newly discovered evidence that could not have been discovered within the 28-day deadline for filing a Rule 59(b) motion. The Seventh Circuit has stated that "[r]elief under Rules 59(e) and 60(b) are extraordinary remedies reserved for the exceptional case." *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015). In his Motion, Plaintiff appears to argue excusable neglect. This Court previously stated that "[w]hether a failure is excusable under Rule 60(b)(1) depends on the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Price v. Annett*, 2023 WL 7387261 at *34 (S.D. Ill. Oct. 20, 2023) (citing *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Looking to the factors from *Pioneer Investment Services*, the Court finds danger of prejudice to the Defendants. This case was filed over two years ago with very little to show for it. Plaintiff's lack of responsiveness and evasiveness is also dispositive here. Put another way, the Court considers the entire history of this case, not just his failure to respond to the last motion to compel. Early on, the Court entered a notice of impending dismissal for two Defendants because Plaintiff did not move for an entry of default. Additionally, this is not the first time Plaintiff has had trouble responding to a discovery request, necessitating a motion to compel. In the first instance, Defendants propounded interrogatories and RFPs that Plaintiff did not answer or respond to for months, claiming he did not receive the discovery requests. The Court

gave him the benefit of the doubt. On the filing of their second motion to compel that led to dismissal, Defendants still had not received the answers or responses to their discovery requests almost eight months later. What is more, Plaintiff has been aware of his injuries since June and has made no effort of any kind to inform the Court of the issue until after his case was dismissed. A simple letter or even a call to the Clerk's office would have sufficed. More telling, the library staff, after initially rebuffing him on helping write a full response to the Motion because of his broken hand, offered to write him a motion for extension of time, which he rejected. These last two facts weigh heavily against him when looking at the reason for the delay, including reasonable control of the movant and good faith. Consequently, Plaintiff has not shown exceptional circumstances sufficient to justify reopening his case. The Motion for Reconsideration (Doc. 92) is **DENIED** and his Motion for Preliminary Injunction (Doc. 92) is **DENIED** as **MOOT**.

    **IT IS SO ORDERED.**

    DATED:   September 23, 2024

    *s/ Stephen P. McGlynn*
    **STEPHEN P. McGLYNN**
    **U.S. District Judge**